## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **MEREDITH GARRARD STEVENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 2:16-cv-456-MHT-DAB** |
| | ) |
| **NANCY BUCKNER, individually and in** | ) |
| **her official capacity as Commissioner of** | ) |
| **DHR,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

On June 20, 2016, Plaintiff Meredith Garrard Stevens filed a civil complaint in this court averring claims under 42 U.S.C. § 1983 and various state law claims against Nancy Buckner, Kim Mashego, and Corrine Matt[1], each in their individual and official capacities (collectively, "Defendants"). (Doc. 1).  This case comes before the court on Defendants' motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 11).

---

[1]Plaintiff also named Dynasty Simmons as a defendant in the Complaint. However, the claims against Simmons have been dismissed. (Doc. 28).

For the reasons stated herein, it will be **RECOMMENDED** that Defendants'
motion to dismiss be **GRANTED IN PART**.

## I.   JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's
federal causes of action, and the court may exercise supplemental jurisdiction over
her state law claims pursuant to 28 U.S.C. § 1367.   The parties do not contest
personal jurisdiction or venue, and the court finds sufficient information of record
to support both. *See* 28 U.S.C. § 1391.  On January 5, 2017, the above-styled matter
was referred to the undersigned for review by United States District Judge Myron
H. Thompson. (Doc. 23); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.;
*United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education
of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.   STANDARD OF REVIEW

Defendants' motion to dismiss is brought pursuant to Federal Rule of Civil
Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the
Complaint against the legal standard set forth in Rule 8: "a short and plain statement
of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must
take "the factual allegations in the complaint as true and construe them in the light
most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th

Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## III.   BACKGROUND AND STATEMENT OF FACTS[2]

The Alabama Department of Human Resources ("DHR") maintains a Statewide Central Registry[3] ("the Registry") pursuant to § 26-14-8, Ala. Code

---

[2]These are the facts for purposes of recommending a ruling on the pending motion to dismiss; they may not be the actual facts and are not based upon evidence in the court's record. They are gleaned exclusively from the allegations in the Complaint and the parties' Joint Status Report. (Doc. 29).

[3]Plaintiff specifically referenced the "Statewide Central Registry" in her Complaint (Doc. 1 at 2), and refers to the codification of the Registry in her brief in response to the Defendants' motion to dismiss. *See* Doc. 14 at p.14, 16, and 21.

(1975). (Doc. 1 at 2). Defendant Buckner is the Commissioner of DHR, Defendant Mashego is the Director of the Shelby County DHR, and Defendant Matt is a Shelby County DHR social worker. (Doc. 1 at 4-6).

Plaintiff is a resident of Shelby County, Alabama, and has been the subject of a DHR investigation regarding child abuse. (Doc. 1 at 3). That investigation resulted in a finding by DHR that abuse was "indicated" and, pursuant to § 26-14-8, Plaintiff's name and "information" have been placed on the Registry. (Doc. 1 at 4). Plaintiff alleged that she "is currently listed on the [Registry] as a person who has been 'indicated' for child abuse/neglect by [DHR]..." (Doc. 1 at 2). Plaintiff alleged that "she has never been notified of her rights to deny and dispute the report, the allegations [against her] and the 'indicated disposition.'" (Doc. 1 at 4). Plaintiff alleged that her name and personal information contained on the Registry are subject to disclosure by DHR and that such disclosure "would subject [her] to embarrassment, scorn, public humiliation and would stigmatize her as [a] child abuser." *Id.* Plaintiff avers that Alabama law lacks a "constitutionally adequate process by which [she] can seek removal or expungement" of her name and information on the Registry. *Id.*

On June 20, 2016, Plaintiff filed her Complaint (Doc. 1) in his court alleging ten causes of action:

**Count I** - Injunctive Relief pursuant to 42 U.S.C. § 1983. "Plaintiff is currently without a constitutionally sufficient and appropriate process that will

allow her to challenge the "indicated disposition" and/or continued listing on the Central Registry." (Doc. 1 at ¶ 22).

**Count II** - Declaratory Relief pursuant to 42 U.S.C. § 1983. "Plaintiff seeks declaratory relief in the form of an Order of this Court declaring that the defendants Buckner and Mashego provide plaintiff with a post-deprivation hearing before plaintiff's name and information can be listed on the Central Registry." (Doc. 1 at ¶ 29).

**Count III** - Deliberate Indifference.

**Count IV** - Violation of Due Process Rights in violation of 42 U.S.C. § 1983.

**Count V** - Negligence/Wantonness pursuant to Alabama state law.

**Count VI** - Suppression of a Material Fact pursuant to Alabama state law.

**Count VII** - Negligent Training, Supervision, and Retention pursuant to Alabama state law.

**Count VIII** - Defamation pursuant to Alabama state law.

**Count IX** - Libel and Slander pursuant to Alabama state law.

**Count X** - Injunctive Relief pursuant to Alabama state law.

On July 18, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 11). On March 15, 2017, the parties filed a Joint Status Report stating "Plaintiff and plaintiff's counsel have been notified that the State of Alabama Department of Human Resources Office of Administrative Hearings has scheduled a CA/N Administrative Hearing (a due process hearing) for May 10, 2017." (Doc. 29 at ¶ 1). Further, "Plaintiff acknowledges that Count I and II sought injunctive and/or declaratory relief in the form of an Order that would result in the scheduling of this hearing." (Doc. 29 at ¶ 2).

## IV.   DISCUSSION

At the heart of Plaintiff's Complaint are her allegations that

> "There is no constitutionally adequate process by which plaintiff can seek removal or expungement of the listing. The plaintiff claims that she has been denied the right and opportunity to proceed to a hearing in order to controvert and oppose a report of child abuse/neglect and the disposition of that child abuse/neglect investigation; and, there is no constitutionally sufficient and adequate process by which she can seek removal of her names and information from the Central Registry."

(Doc. 1 at 2). Specifically, "Plaintiff contends that the right to a hearing for the purpose of denying and disputing the report, the allegations and the "indicated disposition" is a right afforded to her and available to all citizens of the State of Alabama." (Doc. 1 at ¶16).

However, in the light of the parties' report "that the State of Alabama Department of Human Resources Office of Administrative Hearings has scheduled a CA/N Administrative Hearing (a due process hearing) for May 10, 2017," (Doc. 29 at ¶ 1), which is the relief sought by Plaintiff in Counts I and II of the Complaint, those Counts are due to be dismissed as moot. "Plaintiff takes the position that Counts I and II also seek relief in the form of an Order that would reverse the initial assessment making an indicated disposition and find that the report is not indicated." (Doc. 29 at ¶ 2). However, to the extent that Counts I and II of the Complaint could be construed to seek a reversal of the initial assessment, such relief ignores the purpose of the hearing Plaintiff has demanded, i.e., a hearing for due process of the allegations against her. Accordingly, to the extent that Plaintiff may have intended

to request an injunction reversing the indicated disposition, such claims are not ripe for review and are due to be dismissed.

Further, as the parties recognize in their Joint Status Report, "[i]f Count I and II were dismissed as *moot*, Count III would be the only remaining federal claim," and "the resolution of the pending Motion to Dismiss as it is directed to the federal claims will likely be dispositive of the Court's decision to accept or decline jurisdiction over the state law claims." (Doc. 29 at ¶¶ 3-4).   Accordingly, consideration of the remaining issues will be abated pending the results of the administrative hearing.

## V.   CONCLUSIONS

For these reasons, the Magistrate Judge **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 11) be **GRANTED IN PART** as to Counts I and II of the Complaint, which are due to be dismissed as moot.

Consideration of the remaining issues in Defendants' Motion to Dismiss is abated pending the results of the administrative hearing currently scheduled for May 10, 2017. It is **ORDERED** that the parties shall submit a status report on **May 1, 2017**, and every 60 days thereafter and upon the conclusion of the administrative hearing.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 17, 2017**.   Any objections filed must

specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that the Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this the 31st day of March 2017.

David A. Baker
United States Magistrate Judge